IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEPHEN WAYNE RICHARDSON, TDCJ # 1795088, | § § § | |
| *Plaintiff,* | § § | CIVIL NO. |
| vs. | § § | SA-19-CA-419-XR |
| DONNA KAY McKINNEY, ET AL., | § § | |
| *Defendants.* | § § | |

## SHOW CAUSE ORDER

Before the Court is the Civil Rights Complaint [#1] filed by the plaintiff, Stephen Wayne Richardson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff is ordered to file an amended complaint clarifying his allegations and, to the extent possible, curing the Complaint's legal deficiencies, which are described below.

## I.      Legal Standard

According to 28 U.S.C. § 1915A(b)(1), this Court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that the action is (i) frivolous or malicious or (ii) fails to state a claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted). A complaint is factually frivolous when "the facts

1

alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28).

In evaluating whether a complaint states a claim under § 1915A(b)(1) and § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

## II.    Deficiencies in Plaintiff's Complaint

Plaintiff is in the custody of the Texas Department of Criminal Justice Correctional Institutions Division ("TDCJ-CID") serving a thirty-five year sentence for his 2012 Bexar County conviction for manslaughter in Case No. 2010CR10629. Plaintiff's Section 1983 Complaint alleges: He was charged with murder but found guilty of manslaughter "without notice of intent to bring this lesser charge." He also alleges the judgment is "void" because it "contain[s] another person['s] name." He also alleges the prosecution "used false testimony" to convict him. Plaintiff purports to sue former Bexar County Clerk of Court Donna K. McKinney, Texas District Judge Juanita Vasquez Gardner, Assistant District Attorney Bill Pennington, and his former counsel L. Michael Cohen for his wrongful conviction and incarceration. He also

purports to sue the TDCJ-CID records clerk apparently because he contends he is in TDCJ-CID custody pursuant to a "void" judgment. Plaintiff seeks damages and release from custody.

As is explained above, an IFP plaintiff's complaint is considered frivolous and is subject to dismissal if it fails to state a claim on which relief can be granted. In this case, Plaintiff's claims currently have the following deficiencies:

**a. Plaintiff's Complaint is barred by his conviction.**

Plaintiff's civil rights claims for his alleged wrongful prosecution and conviction are barred by *Heck v. Humphrey*. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held a civil rights claim arising from a wrongful conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Because Plaintiff's conviction has not been declared unlawful in the criminal proceedings or through a habeas corpus proceeding, his civil rights action is barred by *Heck v. Humphrey*.

**b. Plaintiff's claims are barred by the two-year statute of limitations.**

The statute of limitations for civil rights claims arising in Texas is two years. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). Therefore, Plaintiff's claims concerning matters occurring in 2012 and before are barred by limitations. In response to this Order, Plaintiff should alert the Court to factual contentions that took place within this two-year window.

**c. The Texas district judge and assistant district attorney are immune from suit.**

It is well-settled judges enjoy absolute immunity for judicial acts performed in judicial proceedings, even if they act erroneously, and therefore Plaintiff has no claim against Judge Gardner. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349,

356-57 (1978). Likewise, a prosecutor in the role of an advocate is absolutely immune from liability, and therefore Assistant District Attorney Bennington is immune from suit. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Graves v. Hampton*, 1 F.3d 315, 318 n.9 (5th Cir. 1993).

**d. Plaintiff's former attorney cannot be sued in a civil rights action.**

To state a claim under § 1983, a plaintiff must allege that the violation of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff may satisfy the "under color of state law" requirement of Section 1983 by proving that the conduct causing the deprivation is "fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). Plaintiff's former attorney is not a state actor and is not subject to suit in a Section 1983 case. Furthermore, alleged acts of negligence and malpractice cannot serve as the basis of a Section 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 329-336 (1986); *O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972).

**e. Plaintiff's request for release is not relief available in this civil rights action.**

In *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973), the Supreme Court held where an inmate seeks release from confinement the inmate's sole remedy is through a writ of habeas corpus. Therefore, Plaintiff's request that this Court set aside his conviction is not relief available in this § 1983 case.

### III.    Right to Amend

Before dismissal of the Complaint, Plaintiff is entitled to amend to attempt to cure any deficiencies. *See Neitzke*, 490 U.S. at 329. Therefore,

**IT IS ORDERED that within twenty-one days of the date of this Order**, Plaintiff must show cause why his Complaint should not be dismissed pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1), for failure to state a non-frivolous claim, by **filing an amended complaint** (of no

more than twenty (20) pages) that cures these deficiencies. Plaintiff should present his amended claims by using the § 1983 complaint form, as he did before. **The Clerk of Court is directed to provide Plaintiff with another copy of the Section 1983 form.**

If Plaintiff fails to comply with this Order, his Complaint can also be dismissed for failure to prosecute and failure to comply with this Order. *See* Fed. R. Civ. P. 41(b).

SIGNED this 3rd day of June, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE